**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **ANTHONY T. JONES**, <br><br> Defendant. | Case No. 19-3062-01-CR-S-MDH |

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by the United States Attorney for the Western District of Missouri, hereby moves the Court to order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offenses of possession, with intent to distribute, a detectable amount of heroin and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] prompanamide (fentanyl), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2);

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

**SUPPORTING SUGGESTIONS**

Subsection 3142(f), 18 U.S.C. provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably

assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged with possession, with intent to distribute, a mixture or substance containing a detectable amount of heroin and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] prompanamide (fentanyl), a crime for which a term of 20 years' imprisonment is possible.

The Government further submits that in light of the Indictment filed in this case, there is probable cause to believe the defendant violated 21 U.S.C. § 841(a)(1) and (b)(1)(C). Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in the Indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty which conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, the defendant's statutory sentencing range is currently a term of imprisonment of not more than 20 years.

2

To further support the Government's contention of the defendant's risk to the safety of the community and to flee, the Government offers that:

1. Jones has prior felony convictions for leaving the scene of an accident, property damage in the first degree, tampering in the first degree, possession of a controlled substance, and unlawful possession of a firearm;

2. After being sentenced to a term of probation for his prior felony conviction for tampering in the first degree, Jones violated his conditions of probation, and his probation was subsequently revoked;

3. Jones has a history of failing to appear for his scheduled court appearances. In his prior felony possession of a controlled substance case, Jones failed to appear on three occasions, one of those occasions occurred after he had pleaded guilty.

4. On or about October 20, 2017, Jones possessed, with intent to distribute, heroin and fentanyl, and an Intratec USA brand, TEC-DC9 model, 9mm, semi-automatic pistol, bearing serial number D065643, with an extended magazine containing 18 rounds of ammunition; and

5. On or about May 23, 2019, before his arrest for the instant offense, Jones was operating a motor vehicle and in possession of a marijuana cigarette. After being stopped by Springfield, Missouri, Police Department Officer Karla Parker for a traffic violation, Jones stated, "I just lit up this blunt." Jones was referring to the marijuana cigarette that he was holding.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney


By  */s/ Nhan D. Nguyen*
Nhan D. Nguyen
Missouri Bar No. 56877
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on May 24, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Nhan D. Nguyen*
Nhan D. Nguyen
Assistant United States Attorney